UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CEPHAS KARATE-JUJITSU ELITE LLC,

            Plaintiff,

vs.

CKJ ELITE ACADEMY & FITNESS LLC,

            Defendant.

Case No.: 2:25-cv-01344-GMN-EJY

**ORDER GRANTING, IN PART, MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by Defendant CKJ Elite Academy & Fitness LLC ("Cephas Academy"). Plaintiff Cephas Karate-Jujitsu Elite LLC ("Cephas Elite") filed a Response, (ECF No. 11), to which Defendant filed a Reply, (ECF No. 14).

For the reasons discussed below, the Court GRANTS, in part, and DENIES, in part, Defendant's Motion to Dismiss.

I.      **BACKGROUND**

This case arises from Defendant's alleged infringement of Plaintiff's registered trademark and an unregistered logo for its martial arts studio. (*See generally* Compl., ECF No. 1). Plaintiff Cephas Elite owns and operates a California-based martial arts studio that has been operating under the name "Cephas Karate-Jujitsu Elite" since at least 2000. (*Id.* ¶ 6). Plaintiff alleges its studio is an innovative leader in the martial arts world, based in part on its unique approach to combining the most effective and efficient combat systems. (*Id.* ¶ 7). Plaintiff's sole owner, Soke Willard Cephas II ("Cephas Jr."), is the son of Willard Cephas Sr. ("Cephas Sr."). (*Id.* ¶ 8). Together with his two sons, Cephas Jr. and Kaiso Shawn Cephas, Cephas Sr. developed a martial arts system used at Plaintiff's studio. (*Id.* ¶ 10).

Plaintiff is the owner of the registered trademark "CEPHAS KARATE-JUJITSU ELITE" (U.S. Reg. No. 6899860) (the "Cephas Mark"). (*Id.* ¶ 17). Under use of the Cephas Mark and established branding, Plaintiff teaches its unique techniques at its studio. (*Id.* ¶¶ 6, 25). As part of its business operations, Plaintiff developed and uses a variety of additional branding material seen on content, logos, uniforms, and corresponding websites associated with the Cephas Mark. (*Id.* ¶¶ 44–50, 53–54). Plaintiff alleges it has common law rights in its logo (the "Cephas Logo"), depicting a stylized phoenix wearing a golden crown and holding a trident, set against a light blue circular background. (*Id.* ¶ 21).

Defendant Cephas Academy is a competing martial arts studio based in Las Vegas, Nevada. (*Id.* ¶ 38). Defendant is solely owned and operated by Jerell Cephas ("Jerell"). (*Id.* ¶ 39). Jerell is the grandson of Cephas Sr., and nephew to Cephas Jr. (*Id.* ¶ 40). Between October of 2017 and July of 2021, Jerell offered martial arts coaching services in Las Vegas under the Cephas Mark after receiving a verbal license from Plaintiff to use the registered mark and the unregistered logo. (*Id.* ¶ 41). Plaintiff also provided Jerrel a number of written materials and promotional items relating to martial arts coaching and instruction, including, but not limited to, certificates, logos, letters, patches, and other marketing materials. (*Id.* ¶ 42). In exchange for the use of the Cephas Mark, Cephas Logo, and other materials, Jerell paid Plaintiff a monthly fee. (*Id.* ¶ 43).

In July 2021, Plaintiff ended its relationship with Jerell. (*Id.* ¶ 44). Plaintiff informed Jerell that the "Cephas Elite Las Vegas" branch would be dissolving, and that Jerell's use of the Cephas Mark, company name, and materials would need to cease, subject to a reasonable phase out period. (*Id.*). Defendant, however, allegedly continued to use the Cephas Mark, Cephas Logo, and materials without authorization. (*Id.* ¶ 45). Plaintiff ultimately asserts that Defendant has been infringing on its intellectual property since 2021. (*See generally id.*).

Plaintiff asserts six causes of action: (1) Federal Trademark Infringement; (2) False Designation of Origin; (3) Common Law Trademark Infringement and Unfair Competition; (4) Violation of Nevada Revised Statute ("NRS") 598.0915; (5) Interference with Prospective Economic Advantage; and (6) Declaratory Relief. (*Id.*). Defendant moves to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## II. LEGAL STANDARD

Dismissal is appropriate under FRCP 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless the apparent deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   **DISCUSSION**

Defendant moves to dismiss all of Plaintiff's claims under FRCP 12(b)(6).  The Court addresses each of Plaintiff's claims in turn.

### A.  Federal Trademark Infringement, False Designation of Origin, Common Law Trademark Infringement/Unfair Competition

To plead a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must allege: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011).  "In the Ninth Circuit, courts have consistently held that Lanham Act false designation of origin claims and state and federal unfair competition claims predicated upon alleged infringement are subject to the same analysis as Lanham Act trademark infringement claims." *Doctor's Best Inc. v. Nature's Way Prods., LLC*, No. SACV 23-CV-0766-KK-KESX, 2024 WL 1866134, at *8 (C.D. Cal. Mar. 29, 2024), *aff'd*, 143 F.4th 1101 (9th Cir. 2025) (citing collection of cases).  Furthermore, courts analyze "federal and state law trademark infringement claims under the same standard." *Paradise L. LLC v. PLG Partners LLC*, No. 2:24-cv-00852-JCM-NJK, 2025 WL 588321, at *5 n.1 (D. Nev. Feb. 24, 2025).  Thus, the Court analyzes Plaintiff's claims for federal trademark infringement, false designation of origin, and common law trademark infringement/unfair competition claims together as the claims relate to both the Cephas Mark and the unregistered Cephas Logo.

It is undisputed that Plaintiff owns the federally registered trademark at issue: CEPHAS KARATE-JUJITSU ELITE (U.S. Reg. No. 6899860). (*See* USPTO Registration at 22, Ex. 1 to Compl.).  The Court therefore need only determine whether Plaintiff pleads facts that, if

accepted as true, allege that Defendant's use of the mark is likely to cause consumer confusion.  Plaintiff pleads allegations detailing Defendant's alleged violations of the Lanham Act and its state law counterparts. (*See* Compl. ¶¶ 38–76).  Plaintiff then alleges that Defendant's actions "caused, or are likely to cause, confusion, mistake, or deception because it is likely that the public will mistakenly believe that the services sold or offered by Defendant under the 'Cephas' name has its source or origin with Cephas Elite or are in some manner approved by, associated with, sponsored by or connected with Cephas Elite, when it is not." (*Id.* ¶ 80).  Plaintiff alleges that Defendant's website mimics the format and theme of Plaintiff's which contributes to consumer confusion. (*Id.* ¶ 62).  Plaintiff also pleads that the USPTO's decision to not issue a trademark to Defendant for the mark "CEPHAS BRAZILIAN JIU JITSU ACADEMY" (U.S. Ser. No. 98828295) further establishes that Defendant's use of Plaintiff's mark is likely to cause confusion. (*Id.* ¶ 68).

Defendant contends that Plaintiff fails to plead the likelihood of consumer confusion element, but this "question is a primarily factual determination that many courts have held is not appropriate to determine at the motion to dismiss stage." *See SATA GmbH & Co. KG v. Taizhou Tool-Bar Mach. Co.*, No. 2:24-CV-02069-CDS-DJA, 2025 WL 1666532, at *3 (D. Nev. June 12, 2025) (citing *Lucent Techs. v. Johnson*, No. CV 00-05668-GHK RNBX, 2000 WL 1604055, at *2 (C.D. Cal. Sept. 12, 2000) ("[T]he likelihood of confusion inquiry is a fact-intensive evaluation ill-suited for disposition on a motion to dismiss.")).  At this stage, Plaintiff need only allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Plaintiff has done so here. (*See, e.g.*, Compl. ¶¶ 62, 68, 80).

The parties also dispute whether Plaintiff plausibly pleads that it has common law rights to the Cephas Logo, which is not a registered mark.  To establish common law trademark rights in the absence of federal registration, Plaintiff must allege that it has a valid protectable interest in the Cephas Logo such that the logo must either (1) be descriptive and have acquired

secondary meaning, or (2) be suggestive (inherently distinctive). *See Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007); *JS Led Tech. Corp. v. Zhang*, No. CV 14-02250-RGK (PJWx), 2014 WL 12561075, at *4 (C.D. Cal. Aug. 7, 2014). Plaintiff must also plead that (1) it is the senior user of the mark; (2) it has continuously used the mark without interruption; and (3) the mark has established legally sufficient market penetration. *Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1125–26 (9th Cir. 2006); *Optimal Pets, Inc. v. Nutri-Vet, LLC*, 877 F. Supp. 2d 953, 958–59 (C.D. Cal. 2012).

Plaintiff's Complaint fails to allege any facts, that if accepted as true, sufficiently plead that the Cephas Logo is descriptive and has acquired secondary meaning, or is suggestive. *Applied Info. Scis. Corp.*, 511 F.3d at 970. And while Plaintiff pleads facts that go towards alleging it is the senior user of the Cephas Logo, (*see* Compl. ¶¶ 22, 41), it fails to plead facts that allege it has continuously used the Cephas Logo without interruption and that the Cephas Logo has established legally sufficient market penetration. *See Bazaar Del Muno, Inc.*, 448 F.3d at 1125–26. As such, Plaintiff fails to plausibly plead it has common law rights in the Cephas Logo.

Accordingly, Defendant's Motion to Dismiss Plaintiff's claims for federal trademark infringement, false designation of origin, and common law trademark infringement/unfair competition is therefore DENIED, as it relates to the Cephas Mark, and is GRANTED as it relates to the unregistered Cephas Logo. Because amendment may not be futile for Plaintiff's claims regarding the Cephas Logo, the Court grants Plaintiff leave to amend such claims.

**B. Deceptive Trade Practices Under NRS 598.0915**

Defendant moves to dismiss Plaintiff's claim for violation of NRS 598.0915, Nevada's Deceptive Trade Practices Act ("NDTPA"). Plaintiff brings a claim under section three of the NDTPA, which states that "a person engages in a 'deceptive trade practice' if . . . he or she

knowingly makes a false representation as to affiliation, connection, association with or certification by another person." Nev. Rev. Stat. 598.0915(3); (*see* Compl. ¶¶ 108–111). Deceptive trade practices claims brought under this section must be plead with the same particularity required for fraud claims. *Partie v. Ethicon, Inc.*, 609 F. Supp. 3d 1127, 1135 (D. Nev. 2022). This heightened pleading standard requires plaintiffs to identify a misleading statement, set forth what is false or misleading about it, and describe why it is false. *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106 (9th Cir. 2003) (citation omitted).

Plaintiff alleges that Defendant's website presents false descriptions of the history, background, and development of the martial arts systems developed by Cephas Sr., and which Plaintiff is renowned for teaching. (Compl. ¶ 56). Specifically, Plaintiff alleges that Defendant's website falsely claims that the Cephas Karate-Jiujitsu system associated with Plaintiff and the Cephas Mark was initially developed and refined from the teachings of Cephas Sr. by Victor Cephas and an individual named Acee Comegy. (*Id.* ¶ 57). However, Plaintiff alleges that Cephas Sr. and his two sons, Cephas Jr. and Kaiso Shawn Cephas, created the system. (*Id.* ¶ 10). Thus, Plaintiff sufficiently identifies a misleading statement, sets forth what is false or misleading about it, and describes why it is false. Defendant's Motion to Dismiss Plaintiff's NDTPA claim is therefore DENIED.

### C. Interference with Prospective Economic Advantage

A successful intentional interference with prospective economic advantage claim requires: (1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct. *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1255 (Nev. 1998). Defendant contends

that Plaintiff fails to plead a prospective contractual relationship between itself and a third party, the intent to harm the plaintiff by preventing the relationship, and actual harm.

The Court finds that Plaintiff fails to plead a prospective contractual relationship between itself and a third party.[1]  Pleading a potential relationship is not enough; "a plaintiff must establish an existing economic relationship or a protected expectancy with a third person, not merely a hope of future transactions." *Swingless Golf Club Corp. v. Taylor*, No. C-08-05574-WHA, 2009 WL 2031768, at *4 (N.D. Cal. July 7, 2009); *see also Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, No. 3:16-CV-05399-WHO, 2017 WL 67075, at *6 (N.D. Cal. Jan. 6, 2017) (dismissing interference claim because the plaintiff did not establish an existing relationship and explaining that "[a]n allegation of interference with a potential customer is too speculative to state a claim").  Here, the Complaint alleges that Defendant offered martial arts coaching services in Las Vegas to students under the Cephas Mark, with Plaintiff's permission via verbal license for a period of time. (Compl. ¶ 41).  But the Complaint fails to allege an existing economic relationship or a protected expectancy with a third person. Plaintiff argues in its Response that many of these students maintain renewable memberships and by misappropriating Plaintiff's registered mark, and impermissibly continuing the mark beyond the life of its license, Defendant knowingly, and intentionally, denied Plaintiff the benefit of the prospective business of those students who specifically sought out the genuine Cephas Elite system. (Resp. 17:13–25, ECF No. 11).  But these assertions are not in the Complaint, and it is impermissible for Plaintiff to amend its pleading through subsequent briefing. *See, e.g., Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2022 WL 2209648, at *4 (W.D. Wash. June 21, 2022), *aff'd*, No. 23-35502, 2024 WL 4707886 (9th Cir. Nov. 7, 2024); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is

---

[1] Because the Court finds that Plaintiff fails to plead the first element of this claim, it need not address the parties' arguments with respect to the other elements.

axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for interference with prospective economic advantage is GRANTED. But because amendment may not be futile, the Court grants Plaintiff leave to amend this claim.

### D. Declaratory Relief

Plaintiff lastly pleads a cause of action for declaratory relief. (Compl. ¶¶ 119–124). Defendant moves to dismiss this claim, arguing that it is duplicative. (Mot. Dismiss 17:1–8). Indeed, "a 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-00149-JAD-PAL, 2014 WL 584876, at *4 (D. Nev. Feb. 11, 2014), *aff'd sub nom. Pettit v. Fed. Nat'l Mortg. Ass'n*, 678 F. App'x 468 (9th Cir. 2017); *see* 28 U.S.C. §§ 2201, 2202; *see also Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) ("The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court . . . It only permits the district court to adopt a specific remedy when jurisdiction exists.") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–74 (1950)). Accordingly, to the extent Plaintiff pleads a cause of action for declaratory relief, this claim is dismissed with prejudice. Plaintiff may still seek declaratory relief as a remedy.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss, (ECF No. 7), is **GRANTED, in part,** and **DENIED, in part.** Defendant's Motion to Dismiss Plaintiff's claims for federal trademark infringement, false designation of origin, and common law trademark infringement/unfair competition is granted as it relates to the unregistered Cephas Logo. Moreover, the motion is granted with respect to Plaintiff's intentional interference with prospective economic advantage and declaratory relief claims.

**IT IS FURTHER ORDERED** that Plaintiff will have 21 days from the date of this Order to file an Amended Complaint.

**DATED** this __21__ day of May, 2026.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT